UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRY MARIOTH,**

    **Plaintiff,**

  **v.**                                    **Civil Action 2:22-cv-47**
                                                 **Judge James L. Graham**
                                                 **Magistrate Judge Chelsey M. Vascura**

**THOMAS MAYNARD,** *et al.***,**

    **Defendants.**


**REPORT AND RECOMMENDATION**

Plaintiff, Terry Marioth, an Ohio resident proceeding without the assistance of counsel, has applied to file a civil action *in forma pauperis*. (ECF No. 1.)  For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Application be **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*.  The *Adkins* Court advised that "one must [not] be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id*. at 339.  The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*.  Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the

fee and continue to provide for the necessities of life. *Id*. Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (citing *Cognetto v. Comm'r of Soc. Sec.*, 2014WL 358465, at *1 (E.D. Mich. Jan. 31, 2014)).

Here, the information set forth in Plaintiff's *in forma pauperis* affidavit does not demonstrate his inability to pay. The application indicates that Plaintiff has no income. However, it also demonstrates that he has significant valuable assets, including, *inter alia*, $5,000 in cash on hand and automobiles worth $10,000. Plaintiff also avers that he has no debts or expenses. In light of these assets and the absence of any debts or expenses, Plaintiff cannot be considered indigent. *See Cognetto*, 2014 WL 358465, at *1 (noting that for purposes of evaluating an application to proceed in forma pauperis under § 1915(a), assets to be considered "include equity in real estate and automobiles").

In sum, in view of Plaintiff's assets totaling $15,000 and his lack of any debts or expenses, the undersigned finds that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself. It is therefore **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be **DENIED** and that he be ordered to pay the required $402.00 filing fee within **FOURTEEN (14) DAYS** if he intends to proceed.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

                                                /s/ *Chelsey M. Vascura*
                                                CHELSEY M. VASCURA
                                                UNITED STATES MAGISTRATE JUDGE